UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------

DAVID ST CLAIR WILDER,

                              Plaintiff,          **CLASS ACTION**
                                                             **COMPLAINT**

        -against-

NATIONAL ENTERPRISE SYSTEMS, INC., and
ASSET ACCEPTANCE; LLC,

                                 Defendants.

------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.     This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. §1331.

3.     Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District.

4.     Plaintiff received communications from the defendants in the state of Connecticut.

5.     Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in

that the alleged debt that the defendant, sought to collect from her is a consumer debt.

6.      Upon information and belief, defendant National Enterprise Systems, Inc. (hereinafter "NES") is an active Ohio business corporation that regularly conducts business in Connecticut.

7.      Upon information and belief, defendant Asset Acceptance, LLC (hereinafter "Asset Acceptance") is an active Michigan business corporation that regularly conducts business in Connecticut.

8.      Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

9.      Each of the defendants is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

10.     Plaintiff received direct communications from defendants within one year from the filing of this complaint.

CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received similar debt collection notices and/or letters from either defendants as of one year prior to the filing of plaintiff's complaint until the present, addressed to a Connecticut residence. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

12.     This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

13.     The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices from the defendants, which violate various provisions of the FDCPA.

14.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

        a.      Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692g and 1692e.

        b.      Whether plaintiff and the Class have been injured by the defendant's conduct; and

        c.      Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15.     Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

16.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

17.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

18.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20.     Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

21.     Upon information and belief, the letters complained of herein are form letters sent by defendants to consumers.

22.     Collection letters, such as those sent by defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23.     Section 1692e of the Fair Debt Collection Practices Act states: "[a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

24.     Section 1692g requires the debt collector to inform the consumer of the name of the present creditor.

25.     Defendant NES violated §1692g in its first collection letter to plaintiff, annexed hereto as "Exhibit A." The letter fails to adequately disclose who the current creditor is. The letter contains letterhead from NES, refers to its client as Asset Acceptance, but lists a "CHASE BANK" account number under the letterhead. Nowhere in the letter does it

state who currently owns the debt. The least sophisticated consumer would not understand who the current creditor is.

26.     After defendant NES sent the aforementioned letter to the plaintiff, the plaintiff, via his attorney, disputed the debt in writing, requested verification of the debt, and requested the name and address of the original creditor. This letter is attached hereto as "Exhibit B."

27.     Defendant NES never communicated directly with the plaintiff again. In fact, it was defendant Asset Acceptance who sent the next communication to plaintiff. Asset Acceptance sent two letters dated September 23, 2010, both of which violated the FDCPA.

28.     Defendant Asset Acceptance sent a letter to plaintiff welcoming him as a new customer of defendant. This letter is annexed hereto as "Exhibit C." This letter had no mention of defendant NES, and under the date lists both "CHASE BANK" and "FIRST USA/CHASE" above an account number. This letter causes further confusion as to who the current and original creditors are. This letter states that Asset Acceptance is the current owner of the debt. However, in connection with the first letter sent by NES and without mention of NES in the second letter, the least sophisticated consumer would remain unclear about who the current creditor is. This is a violation of §§1692e and g.

29.     Based on the foregoing, the least sophisticated consumer would be confused as to whom the original creditor is since there are two listed above the account number, and nowhere in the letter does it specify who the original owner of the debt was, or who Asset Acceptance purchased it from. This is also a violation of §§1692e and g.

30.     The letter attached as "Exhibit C" further violates the FDCPA because it was sent on the same day as the letter containing the requested verification of the plaintiff's debt (annexed hereto as "Exhibit D"). By sending both letters together, defendants NES and Asset Acceptance violated § 1692g because it did not cease collection of the debt prior to sending verification. Further, sending them together overshadows the consumer's right to have the debt disputed and receive the name and address of the original creditor.

31.     The letter enclosing the validation (Exhibit D) is a violation of §§ 1692e and g because it is misleading as to who the original creditor is because it lists both "CHASE BANK" and "FIRST USA/CHASE" above the "Original Creditor Acct #".

32.     The "Debt Validation" itself violates §§ 1692g because it fails to list the address of the original creditor, even though it is different from the current creditor and it was specifically requested of the debt collector in writing by the plaintiff.

        **WHEREFORE,** plaintiff respectfully requests that the Court enter judgment as follows:

        a)      Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

        b)      Awarding plaintiff and the class statutory damages;

        c)      Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

        d)      Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:   Cedarhurst, New York
         October 25, 2010

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404

# EXHIBIT A

p. 1

29125 Solon Road + Solon, OH 44139-3442

RE: Asset Acceptance - High Balance
Client ID: 3967139
For: CHASE BANK
     441712297312950
Date of Referral: 08/18/2010
Date of Service: 03/12/2007
Please contact: (800) 567-9990

**Total Amount Due: $37744.33**

August 19, 2010

9609380 AAC004
David St Clair Wilder

This account has been listed with our office for collection. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe the above referenced balance. Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

| Client | Account # | Amount |
|---|---|---|
| Asset Acceptance - High Balance |  | $37744.33 |
| | Total Amount Due: | $37744.33 |

You can now pay by automated phone system at (800) 238-0668 or on the internet at www.nes1.paymybill.com. Just enter your account number 9609380. You are not required to use the automated phone system or the Internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE AND RETURN THIS FORM BELOW WITH YOUR PAYMENT.***

Daytime Phone:   ( _____ ) _____ - _____
Evening Phone:   ( _____ ) _____ - _____
☐ Enclosed is Payment in Full

ONNES1C2
PO Box 1022
Wixom MI 48393-1022

238

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS, INC.
29125 Solon Road
Solon OH 44139-3442

714    384922849
*PERSONAL & CONFIDENTIAL*
David St Clair Wilder

August 19, 2010                              BENY
Client ID:     3967139
Amount Due:    $37744.33     Amt Paid:  $ _____

permitted by law.

384922849

# **<u>EXHIBIT B</u>**

**SHAKED & POSNER**
ATTORNEYS-AT-LAW
255 WEST 36TH STREET
8TH FLOOR
NEW YORK, NEW YORK 10018

TEL  (212) 494-0035
FAX  (646) 367-4951

September 13, 2010

National Enterprise Systems, Inc.
Attn: Dispute Department
29125 Solon Road
Solon, OH 44139-3442

Re:   **David St. Clair Wilder w/Asset Acceptance – High Balance**
      **Your Acct. No.**
      **Account/Ref. No.:**
      **Disputed Balance: $37744.33**

Dear Dispute Department:

Please be advised that I represent David St. Clair Wilder.
Please be advised that my client disputes the claimed debt.
My client disputes the existence of an entity known as Asset Acceptance – **High Balance**.
Please provide the undersigned with a copy of the Signed Agreement and Account
History which verifies the amount claimed.
Please provide the date of Charge-Off.
In accordance with the Uniform Commercial Code (UCC), please provide copies of the
Assignments and other documents showing that Asset Acceptance – **High Balance** is the
Assignee of the debt and that you are legally authorized to attempt to collect this debt from the
consumer.
Unless and until such proof is furnished, I do not recognize any right on your part to attempt to
collect any amount from my client through any means, including credit reporting.
My client refuses to pay any debt which has not been substantiated in the manner requested.
Please cease further communications until you can provide the substantiation,
Including:

(1) Signed Agreement

(2) Account History

(3) Date of Charge-Off, and

(4) Copy of Assignment.

Please provide Shaked & Posner the full corporate name of the original creditor.
Please provide Shaked & Posner the address of the original creditor.

Very truly yours,

Dan Shaked, Esq.

# <u>EXHIBIT C</u>

Oct 12 2010 8:34AM    HP LASERJET FAX                                    P. 1

# Asset Acceptance, LLC

Toll Free 800-545-9931 Ext. 1
PO Box 2031
Warren, MI 48090-2031

September 23, 2010

First Notice

RE:  CHASE BANK
     FIRST USA/CHASE
Original Acct #:
Asset Acceptance, LLC Acct #:
Balance Past Due: $36088.60

Dear DAVID ST CLAIR WILDER:

It is our pleasure to welcome you as a new customer of Asset Acceptance, LLC. Your account with the above mentioned creditor has been purchased and is now owned by Asset Acceptance, LLC. In order to insure proper credit for any payments it is necessary that all future payments and inquiries be made to Asset Acceptance, LLC, PO Box 2036, Warren, MI 48090-2036.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

CHRISTI WRIGHT – Phone: Toll Free 800-545-9931 Ext. 4
Debt Collector
Asset Acceptance, LLC

We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630.

See Reverse Side for Important Information Regarding Your Privacy Rights.

***Detach Lower Portion and Return with Payment***

IONAB9E947001AA01 I


PO Box 2039
Warren MI 48090-2039
ADDRESS SERVICE REQUESTED

Asset Acceptance, LLC Acct #:
Balance Past Due: $36088.60

September 23, 2010

ASSET ACCEPTANCE, LLC
PO Box 2036
Warren MI 48090-2036

38671398-7001    403324570
DAVID ST CLAIR WILDER

# EXHIBIT D

Oct 12 2010 9:34AM    HP LASERJET FAX                                      P 4

# Asset Acceptance, LLC ————— ——————

Toll Free 800-545-9931 Ext. 4
PO Box 2015
Warren, MI 48090-2016

September 23, 2010

RE:  CHASE BANK
     FIRST USA/CHASE
Original Creditor Acct #: � █
Asset Acceptance, LLC Acct #: █
Current Balance: $38088.60

Dear DAVID ST CLAIR WILDER:

Thank you for your request for further validation of your above mentioned account.

Enclosed please find an account statement prepared with information provided to us by the prior creditor.

Please contact me so that we can work toward resolving this matter.

Please be advised that the actual Current Balance may differ from the Current Balance shown above based upon the accrual of interest and/or any recent payments beyond your normal payment schedule, if applicable.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

CHRISTI WRIGHT – Phone: Toll Free 800-545-9931 Ext. 4
Debt Collector
Asset Acceptance, LLC

44CHAASSED47055A125B

***Detach Lower Portion and Return with Payment***

Asset Acceptance, LLC Acct #: █
Current Balance: $38088.60

 PO Box 2039
Warren MI 48090-2039
ADDRESS SERVICE REQUESTED

September 23, 2010

39671396-7060       403281209
[barcode/address text]
DAVID ST CLAIR WILDER

ASSET ACCEPTANCE, LLC
PO Box 2036
Warren MI 48090-2036
[barcode/address text]

# Asset Acceptance, LLC

Toll Free 800-545-9931 Ext. 4
PO Box 2036
Warren, MI 48090-2036

Asset Acceptance, LLC Acct #: ▬▬

## *DEBT VALIDATION*

**PRIOR/ORIGINAL CREDITOR:**
CHASE BANK
FIRST USA/CHASE

**ORIGINAL ACCOUNT NUMBER:**
▬▬▬

**BALANCE:** $38088.60

| | |
|---|---|
| PRINCIPAL: | $24932.47 |
| INTEREST: | $13156.13 |
| FEES: | $0.00 |

## *PERSONAL INFORMATION*

Name     DAVID ST CLAIR WILDER                    Social Security # 
Address  ▬▬▬
City/St/Zip ▬▬▬

For Personal Assistance Call
CHRISTI WRIGHT Phone: Toll Free 800-545-9931 Ext. 4

Please make payments to:
Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090
Please include account number on your payment.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**